(53 South. 429.)

No. 18,198.

POWELL v. TOWN OF PROVIDENCE et al.

(June 30, 1910. Rehearing Denied Oct. 31, 1910.)

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS (§ 994*)—SPECIAL LEGISLATION—INJUNCTION.

Act No. 236 of 1908, purporting to confer on the town of Providence the authority to issue bonds and levy a tax for their payment, is obnoxious to the prohibitions against local and special legislation contained in article 48 of the Constitution, and is therefore void; and the action and proposed action of the mayor and aldermen, tending to the issuance of such bonds and the levy of such taxes, is therefore illegal and incompetent, and is perpetually enjoined at the suit of a citizen and taxpayer.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2162; Dec. Dig. § 95.*]

Appeal from Ninth Judicial District Court, Parish of East Carroll; F. X. Ransdell, Judge.

Action by W. R. Powell against the Town of Providence and others. Judgment for defendants, and plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Carroll, Henderson & Carroll and Robert P. Kennedy, for appellant. J. M. Kennedy and C. S. Wyly, for appellees.

Statement of the Case.

MONROE, J. Plaintiff, as a citizen and taxpayer of the town of Providence, enjoins the municipal authorities from issuing bonds

in the name of the corporation, to the amount of $27,000, under Act No. 236 of 1908, and levying a tax of 3½ mills for their payment, on the ground that the statute mentioned is a local and special law, having the effect of amending the charter of said town, and the enactment of which is prohibited by article 48 of the Constitution of this state.

It is admitted: That defendant is a "town," under Act No. 136 of 1898 and the amendments thereto, which constitute its charter. That it has more than 1,000 inhabitants, and has always had less than 2,500. That the mayor and board of aldermen have, by ordinance, declared their determination to issue, in the name of the town, 108 negotiable bonds, of $250 each, with interest coupons attached, as provided by Act No. 236 of 1908, and to levy the tax as authorized by that act.

"That, by ordinance, legally adopted by the mayor and board of aldermen of the town of Providence, on the 18th day of November, 1904, the town of Providence entered into a contract with one A. B. Sanders for the erection of a waterworks and electric light plant, and, in evidence and liquidation of the price of said works, did issue certificates, payable out of the revenues of that year (1904) and of subsequent years, for ten (10) years, including the year 1904—ten years being the term of payment fixed in the contract; and, in such ordinance and contract the town of Providence did set aside, pledge, dedicate, and appropriate, year by year, for the said ten years, for the payment of said certificates, the excess of the annual revenues of said town, above the statutory, necessary, and usual charges thereof, and in the said ordinance did levy, for ten years, constituting the terms of the price of said contract, an ad valorem taxation of ten mills on the dollar for the general purposes of the said town. That, in estimating the excess of the revenues of said town over the statutory, necessary, and usual charges, the said ten mills ad valorem taxation formed one of the items of estimated revenues, and that the proceeding of said town, in making said contract and providing for the payment thereof and issuing certificates therefor, was done in strict compliance with, and under, provisions of Act No. 32 of the General Assembly of the state of Louisiana, approved June 19, 1902."

"It is further admitted that the estimated excess of the revenues of said town over the statutory, necessary, and usual charges for the years in which said contract was made was the sum of seventy-six hundred and twenty-three ($7,623.00) dollars. It is further admitted that

the aforesaid contract for the building of said waterworks and electric light plant was ratified by the unanimous vote of the electors of said town, at an election held April 19, 1905.

"It is further admitted that the town of Providence has an unmatured interest-bearing indebtedness, and is authorized by law to levy an annual ad valorem tax of as much as ten mills on the dollar.

"It is further admitted that 6½ mills, ad valorem, is sufficient for the statutory, necessary, and usual charges of said town.

"It is further admitted that plaintiff is a resident, citizen, and taxpayer of the town of Providence, as alleged in the petition."

The allegations of the petition, above stated, and the foregoing admissions, present the whole question to be decided.

### Opinion.

The proposition of the town of Providence is to substitute, in place of the outstanding certificates, which are payable from the surplus which may be left, year by year, of the 10-mill tax (which, in common with all municipal corporations, it is authorized to levy for its maintenance), and after the statutory, necessary, and usual charges have been paid therefrom, negotiable, interest-bearing bonds, which are to be paid from a special tax, to be carved out of said 10-mill tax, and this without regard to whether the amount left will be sufficient for the necessary and ordinary expenses of the town or not, by which we mean, not that, in the best judgment of the town authorities and the certificate holders, 6½ mills may not be enough for the needs of the town, at present and until the bonds are paid, but that, whether it be enough or not, it is all that will be left, if the proposed dedication of 3½ mills should be made effective. Municipal corporations, however (unlike natural persons, as to whom the necessity is not always apparent), must live; that is to say, in the interest of organized society and of the communities of which they form part, they must be supplied with the means whereby to protect life and property and preserve order, and, come what may, the means must be

had. But, if here, from the 10-mill tax authorized for that purpose, there is, in the case of a particular corporation, 3½ mills carved out, to-day, for a special purpose, why not carve out, to-morrow, for another special purpose, another 3½ mills, and so on, until the corporation is left without enough to live on. It will not do to say that corporations will not place themselves in that position, for they have done so, all over the country, and it was the evident belief of the framers of our Constitution that, if left to themselves, some of our Louisiana corporations would do so again. So they have not been left entirely to themselves, nor yet entirely to the General Assembly. The Constitution (article 48) prohibits that body from passing any special or local laws creating corporations, with the result that general statutes are enacted whereby, for the purposes of their organization and the exercise of the powers and privileges intended to be conferred on them, corporations are divided into classes, and under which all corporations, of the same class (with certain exceptions, specially provided), are required to conform to identical rules in the obtention and enforcement of the corporate franchise, come into existence, and continue to exist (if they so continue at all), under a charter which is common to all, and hence obtain and exercise identical powers and privileges. Not content with that, and in order to make sure that the uniformity, thus apparently provided for, shall not be destroyed, the Constitution, by the same article, and subject to the same exception, prohibits the enactment of any local or special laws "amending, extending, renewing, or explaining the charters of corporations," or "granting to any corporation * * * any special or exclusive right, privilege or immunity." It then goes further and provides:

"Art. 232. * * * Except as provided in this Constitution, no * * * municipal * * * tax, for all purposes whatsoever, shall exceed, in any one year, ten mills," but that, for "* * * works of permanent public improvement, the title of which shall be in the public, any * * * municipal corporation may levy a special tax, in excess of said limitation, whenever the rate of such increase and the number of years it is to be levied and the purposes for which the tax is intended shall have been submitted to a vote of the property taxpayers of such * * * municipality * * * entitled to vote under the election laws of the state, and a majority of the same, in number and in value, voting at such election, shall have voted therefor."

"Art. 270. The General Assembly shall have power to enact general laws authorizing * * * municipal corporations, * * * by a vote of a majority of the property taxpayers, in number, entitled to vote, * * * and in value, to levy special taxes in aid of public improvements or railway enterprises; provided, that such tax shall not exceed the rate of five mills, per annum, nor extend for a longer period than ten years," etc.

"Art. 281. Municipal corporations, * * * when authorized to do so by a vote of the majority, in number and amount, of the property taxpayers, qualified as electors, * · * * voting at an election held for that purpose, after due notice of said election has been published for thirty days, * * * may incur debt and issue negotiable bonds therefor, to the extent of one-tenth of the assessed valuation, * * * and may be authorized by the property taxpayers, voting at said election, to levy and assess special taxes; * * * provided, said taxes, so imposed, do not exceed five mills, * * * nor run for a greater number of years than the number named in the proposition submitted to the taxpayers. No bonds shall be issued for any other purpose than stated in the submission of the proposition to the taxpayers, and published, * * * nor for a greater amount than therein mentioned; * * * nor shall such bonds run for a longer period than forty years from their date, or bear a greater interest than five per cent., or be sold * * * for less than par."

The general law (Act No. 136 of 1898), under which the town of Providence is incorporated, and which is admitted to be its charter, confers upon its mayor and aldermen, as upon the mayor and aldermen of all other municipalities established under its authority, the power "to levy and collect taxes, * * * for general revenue purposes, not to exceed ten mills on the dollar," and other taxes, as provided in articles 232, 270, and 281 of the Constitution. And no power to levy taxes, or to issue bonds, is conferred upon said corporation, other than

as stated in the constitutional and statutory enactments above quoted.

Act No. 236 of 1908 has a long title which begins, "An act for the funding of the unpaid balance due by the town of Providence," etc., which title is followed by several sections, authorizing the town of Providence to issue serial, negotiable bonds, to the amount of $30,000 (or so much as may be necessary), for the purpose of funding its waterworks and electric light debt; to levy a 3½-mill tax, to run until the bonds and coupons are paid, and to dedicate it to such payment, "provided that the tax so levied and collected, together with the taxes levied for the ordinary municipal purposes, shall not exceed, in the aggregate, ten mills "ad valorem." And there are other provisions relating to the issuance and sale of the bonds, etc.

The learned counsel for defendants say, in the brief filed by them:

" * * * And it may be conceded that if this act [referring to the act last above mentioned] does, in fact, amend the charter of the town, the act is unconstitutional, by reason of violating the prohibitions contained in article 48 of the Constitution."

They, however, contend that the act in question is an independent statute, which does not purport to amend, and does not in fact amend, the town charter, and their contention is supported by ingenious argument and some authority, which they seek to apply. To our minds, the matter admits of but little discussion. The scheme of the Constitution is that (with the exceptions especially provided) all corporations shall be governed by general laws, which scheme imposes upon the General Assembly the obligation to enact such laws, and at the same time leaves to its discretion the classification of corporations and the application to each class of the rules best adapted to its regulation and governance. In the discharge of that obligation, the General Assembly passed Act No. 136 of 1898, as a general law, under which munic-

ipal corporations are authorized to be established, and from which alone those which are so established can derive any power or authority whatever, since beyond it they have, and can have, no existence. It is admitted that the town of Providence was established under that law, that the act does not confer on the towns established under its authority the particular power which the town of Providence is now seeking to exercise, and that, unless it gets that power from Act No. 236 of 1908, it does not possess it; and it is not only admitted, but insisted on, that the act does not have the effect of "amending, renewing, extending, or explaining" the act of 1898, or of granting to the town any "special or exclusive right, privilege, or immunity." The fact remains, however, that if the act of 1908 is competent legislation, the corporations established under the act of 1898, and agreeably to the requirement of the Constitution, are not governed by a general law, but that the town of Providence, though established under such law and having no existence outside of its limits, is governed by a statute which, according to its title and context, relates to no other corporation, and has no other purpose than to confer upon that town special powers, not conferred by its charter—a paradoxical result, which would defeat the whole purpose of the constitutional enactments on the subject of corporations, flood the General Assembly with special legislation in behalf, first of this, and then of that, corporation, private as well as public, and substitute chaos for order, in a matter of vital importance, the present law upon the subject of which is the result of slow growth and long experience.

Our conclusion is that Act No. 236 of 1908 is obnoxious to the prohibition contained in article 48 of the Constitution, and hence null and void, and that the action and proposed action of the mayor and aldermen of the

town of Providence, under its supposed authority, is illegal and incompetent.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment herein in favor of the plaintiff, Warren P. Powell, and against the defendants, the town of Providence and the mayor and aldermen thereof, prohibiting, enjoining, and restraining them from issuing the bonds or levying the tax purporting to be authorized by Act No. 236 of 1908, and condemning said defendant the town of Providence to pay all costs of this suit.